AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
FREDERICK ANHALT

Defendant(s)

Case No. 6:26-mj- 2065

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 10, 2026 in the county of Seminole County in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 18 U.S.C. § 111(a)(1) and (b) | Forcible interference with any person while engaged in or on account of the performance of official duties. |
| 18 U.S.C. § 2231(a) and (b) | Forcible interference with any person while engaged in or on account of the serving or execution of search warrants. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Nicholas Rogers, Special Agent
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 9/11/2026

[signature]
*Judge's signature*

City and state: Orlando, Florida

NATHAN W. HILL, U.S. Magistrate Judge
*Printed name and title*

**STATE OF FLORIDA** **CASE NO. 6:26-mj-** 2065

**COUNTY OF SEMINOLE**

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Nicholas Rogers, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been employed since August 2023. I was assigned as a Special Agent on November 5, 2023, to the cyber squad at the Orlando Resident Agency of the FBI's Tampa Field Office. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States as described in 18 U.S.C. § 1114.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that the below listed individual committed violations of 18 U.S.C. § 111(a)(1) and (b), whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person while engaged in or on account of the performance of official duties and 18 U.S.C. § 2231(a) and (b), whoever forcibly assaults, resists, opposes, prevents, impedes, intimidates, or interferes with any

person authorized to serve or execute search warrants or to make searches and seizures while engaged in the performance of his duties with regard thereto or on account of the performance of such duties and in committing such violation, uses a deadly or dangerous weapon.

3. As of the writing of this Affidavit, all listed times are an approximate and to the best of the Agents recollection. Body camera footage was still pending and not yet available.

4. On or about September 10, 2026, in Orange County, in the Middle District of Florida, Frederick Anhalt did forcibly assault, resist, oppose, impede, intimidate, and interfere with FBI Special Agents, persons designated in Title 18, United States Code, Section 1114, while those persons were engages in the performance of their official duties, specifically, the execution of a federal search warrant, in violation of Title 18, United States Code, Section 111(a)(1) and (b) and Anhalt did forcibly assault, resist, oppose, prevent, impede, intimidate, or interfere with persons authorized to serve or execute search warrants in violation of Title 18, United States Code, Section 2231(a).

5. On September 3, 2026, the Honorable Nathan W. Hill authorized a federal search warrant for Frederick Anhalt, his devices and the residence of 2153 Seaport Circle, Apt 103, Winter Park, Florida 32792 in case number 6:26-mj-2028 and 6:26-mj-2029.

6. On September 10, 2026, at approximately 6:00am, FBI Special Agents arrived at the residence to execute the federal search warrant, which is located in the

Middle District of Florida. Multiple phone calls were made to Anhalt's cellphone but he did not answer. Agents then knocked and announced their identity and stated their purpose for the execution of a search warrant.

7. Shortly after, L.P.R., Anhalt's wife, came to the front door. She exited the residence, complied, and was detained for officer safety. Anhalt came to the front door and immediately started yelling at the FBI Agents and demanded the Agents show him the warrant. FBI Agents continued to issue commands to Anhalt to exit the residence. Anhalt did not comply, instead he slammed the front door and continued to the window demanding the FBI Agents show him the warrant. Anhalt made statements to the effect that he wanted Agents to "come in and fight him".

8. Anhalt then retreated inside the apartment. A short time later, Anhalt came back to the front door, slightly opened it and pointed a strobe light at FBI Agents. There were approximately four FBI agents, about 15-20 feet away when Anhalt pointed this light directly at the agents. At the time, FBI Agents were unable to determine at the time if the strobe light Anhalt had was a flashlight or weapon mounted light. After a later search of the property, I believe Anhalt pointed a pistol with a mounted light at federal agents.

9. L.P.R. told FBI agents that Anhalt purchased a firearm in the last few months and that he was paranoid. Based on Anhalt's threats, refusal to surrender, L.P.R.'s statement that Anhalt had recently purchased a firearm, and the possibility that the light was mounted to a firearm, I perceived the conduct as a threat to my and other Agents' safety. With this information, FBI Agents backed away from the

front door. At this point, a perimeter was set around the residence and the on-scene commander called a barricade in place. The FBI held the perimeter of the residence for approximately two hours while SWAT assistance was being coordinated.

10. Anhalt continued yelling that he wanted to see the search warrant. An FBI agent obtained Anhalt's cell phone number from L.P.R. and texted a photograph of the top page of the search warrant to Anhalt, thereby informing him that officers were present pursuant to a judicially authorized search warrant. Anhalt never responded to the text, however, Anhalt was observed multiple times after the text was sent with a cellular phone in his hand. While FBI Agents were set on the perimeter, Anhalt yelled out his front door that he "knew who we were", we were "there to kill him" and we "betrayed our country," among other claims.

11. After approximately two hours, the FBI agents holding the perimeter were replaced by Seminole County Sheriff's Office (SCSO) SWAT. Approximately four hours later, SCSO SWAT breached the bedroom window of Anhalt's residence with their Bearcat, an armored vehicle. Once SCSO SWAT breached the bedroom, Anhalt barricaded himself in the bedroom closet. SCSO SWAT continued giving commands to Anhalt to come out with his hands up, which Anhalt resisted. SCSO SWAT then used an explosive breach on the front door of the residence. Anhalt continued to barricade in the closet. SCSO SWAT deployed multiple non-lethal chemical agents. Anhalt remained in the closet and refused to come out. A drone was flown into the bedroom and landed on the dresser to hear what Anhalt was yelling.

12. After deploying multiple non-lethal chemical agents again, Anhalt opened the closet door, and laid on the floor in the bedroom. SCSO SWAT deployed a taser on Anhalt to gain compliance and was able to successfully detain Anhalt.

13. While conducting the search warrant of the residence, three firearms were located including two pistols and one rifle. The rifle and one pistol were located in the closet where Anhalt was barricaded. Both weapons were found with rounds chamber and safety mechanics disengaged making the weapons ready to fire. The pistol located in the closet was also found to have a weapon-mounted flashlight, attached beneath the barrel. An FBI certified firearms instructor made the weapon safe and activated the weapon mount flashlight. The weapon mounted flashlight emitted an identical strobe pattern to that which the FBI Agents entry team observed while communicating with Anhalt at the door. It should be noted, agents did not locate any other device that produced the strobe light officer saw earlier. The second pistol was found in a locked gun box under his desk, no serial number could be found on the pistol.

14. As a result of Anhalt's conduct, execution of the federal search warrant was delayed for approximately five hours, and law enforcement was required to establish a perimeter, engage SWAT personnel, and deploy chemical agents before the warrant could be safely executed, Anhalt also pointed a loaded pistol at FBI agents during the attempt to execute the search warrant, thereby knowingly acting in violation of 18 U.S.C. §§ 111(a)(1) and (b) and 2231(a) and (b).

15. Based on the foregoing, I believe that there is probable cause that Frederick Anhalt is found to be in violation of 18 U.S.C. §§ 111(a)(1) and (b) and 2231(a) and (b). Therefore, I respectfully request that the Court issue the attached criminal complaint charging Frederick Anhalt with the aforementioned federal offenses.

This concludes my Affidavit.

______________________________
Nicholas Rogers
Federal Bureau of Investigations
Special Agent

Affidavit submitted by email and
attested to me as true and accurate
via video conference and/or telephone
consistent with Fed. R. Crim. P. 4.1
and 41(d)(3), before me this 11th
day of September, 2026.

______________________________________
NATHAN W. HILL
United States Magistrate Judge